**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>STATE OF NEW YORK, and<br><br>TUSCARORA NATION,<br><br>Plaintiffs,<br><br>v.<br><br>HONEYWELL INTERNATIONAL INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)      Civil Action No. --------------- |

## COMPLAINT

Plaintiffs, the United States of America, by the authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Secretary of the United States Department of the Interior, through the United States Fish and Wildlife Service, together with the State of New York, through the New York Attorney General and the State natural resource trustee, the New York Department of Environmental Conservation, and with the natural resource trustee for the Tuscarora Nation, file this Complaint and allege as follows:

## NATURE OF THE ACTION

1.      This is a civil action brought by the Plaintiffs pursuant to Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9607(a), for recovery of damages for injury to, destruction of, or loss of natural resources, and the services they provide, and the reasonable costs of assessing such injury, destruction, or loss,

resulting from the releases of hazardous substances at or from Defendant's facility located within a portion of the Buffalo River from the confluence of Cazenovia Creek to the mouth of the River at Lake Erie (approximately the lower 6.2 miles of the main stem of the River including the City Ship Canal that runs 1.4 miles south from the mouth of the River parallel to Lake Erie), as well as the Times Beach Nature Preserve and the Times Beach Confined Disposal Facility (the "Site") in Buffalo, New York.

## JURISDICTION AUTHORITY AND VENUE

2.      This Court has jurisdiction over the subject matter of this action and over the parties under 28 U.S.C. §§1331 and 1345, and Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(b).

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the releases of hazardous substances and resulting injury and damages that give rise to this claim occurred in this district.

## PARTIES

4.      Each Plaintiff, the United States, the State of New York, and the Tuscarora Nation, is a trustee for natural resources at or near the Site under Section 107(f) of CERCLA, 42 U.S.C. § 9607(f) and 40 C.F.R. § 300.600.

5.      Defendant Honeywell International, Inc. ("Honeywell") is a Delaware corporation with its principal place of business in New Jersey.

## STATUTORY BACKGROUND

6.      Section 107(f) of CERCLA, 42 U.S.C. § 9607(f), authorizes duly-designated Federal, State, and Indian tribes, as natural resource trustees, to recover natural resource damages ("NRD"), i.e. damages for any injury to, destruction of, or loss of natural resources resulting from the release of hazardous substances, including the reasonable costs of assessing such injury.  Section 107(a)(4)(C) of

CERCLA, 42 U.S.C. § 9607(a)(4)(C), imposes liability for such damages on certain classes of

potentially responsible parties ("PRPs"), including current owners and operators of a facility from

which there has been a release of a hazardous substance, parties that owned or operated a facility at the

time of disposal of a hazardous substance, and parties that arranged for disposal or treatment of a

hazardous substance at a facility owned by another party or entity.

7.      Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the
> defenses set forth in subsection (b) of this section -
>    (1) the owner and operator of a vessel or a facility, [and]
>    (2) any person who at the time of disposal of any hazardous substance
>        owned or operated any facility at which such hazardous substances were
>        disposed of, [and]
>    (3) any person who by contract, agreement, or otherwise arranged for
>        disposal or treatment of hazardous substances owned or possessed by
>        such person, by any other party or entity, at any facility . . . owned or
>        operated by another party or entity and containing such hazardous
>        substances . . .
>                          *        *        *
> shall be liable for –
> . . .
>    (C) damages for injury to, destruction of, or loss of natural resources,
>        including the reasonable costs of assessing such injury, destruction,
>        or loss resulting from such a release . . .

8.      Under Section 101(16) of CERCLA, the term "natural resources" includes "land, fish,

wildlife, biota, air, water . . . and other such resources belonging to, managed by, held in trust by,

appertaining to, or otherwise controlled by the United States … any State or … any Indian tribe ...." 42

U.S.C. § 9601(16).

9.      Under Section 101(14)(8) of CERCLA, 42 U.S.C. § 9601(14)(8), a "hazardous

substance" means "any element, compound, mixture, solution, or substance designated pursuant to

section 9602 of this Title . . . ."

3

10.     Polychlorinated biphenyls ("PCBs") are "hazardous substances" as defined in Section 101(14)(B) of CERCLA, 42 U.S.C. § 9601(14)(B).

11.     Polycyclic aromatic hydrocarbons ("PAHs") are "hazardous substances" as defined in Section 101(14)(B) of CERCLA, 42 U.S.C. § 9601(14)(B).

12.     Volatile organic compounds ("VOCs") are "hazardous substances" as defined in Section 101(14)(B) of CERCLA, 42 U.S.C. § 9601(14)(B).

13.     Lead is a "hazardous substance" as defined in Section 101(14)(B) of CERCLA, 42 U.S.C. § 9601(14)(B).

14.     Under Section 101(22) of CERCLA, 42 U.S.C. § 9601, a "release" means "any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping, or disposing into the environment (including the abandonment or discarding of barrels, containers, and other closed receptacles containing any hazardous substance or pollutant or contaminant) . . ."

15.     Under Section 101(29) of CERCLA, 42 U.S.C. § 9601, the term "disposal" shall have the meaning provided in Section 1004 of the Solid Waste Disposal Act of 1965 ("SWDA"), 42 U.S.C. § 6903.

16.     Under Section 1004(3) of SWDA, the term "disposal" means the discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste into or on any land or water so that such solid waste or hazardous waste or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters, including ground waters.

17.     Under Section 101(9) of CERCLA, 42 U.S.C. § 9601, a "facility" means "any building, structure, installation, equipment, pipe or pipeline (including any pipe into a sewer or publicly owned treatment works), well, pit, pond, lagoon, impoundment, ditch, landfill, storage container, motor

4

vehicle, rolling stock, or aircraft, or (B) any site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located . . . "

18.     The Secretary of the United States Department of the Interior acting through the United States Fish and Wildlife Service (hereinafter included in "DOI") has been designated as a natural resource trustee for federal trust resources concerning sites such as this under 42 U.S.C. § 9607(f)(2)(A), 40 C.F.R. § 300.600, and Exec. Ord. No. 12,580, 52 Fed. Reg. 2923 (Jan. 23, 1987). DOI acts on behalf of the public as a trustee for natural resources, including threatened or endangered species, migratory birds, other fish and aquatic life, and their supporting ecosystems, belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United States.  See, e.g., 40 C.F.R. § 300.600.

19.     The Commissioner of Environmental Conservation acting through the New York State Department of Environmental Conservation (hereinafter included in "NYSDEC") has been designated as a natural resource trustee for New York State trust resources concerning sites such this under 42 U.S.C. § 9607(f)(2)(B) and 40 C.F.R. § 300.605.  NYSDEC acts on behalf of the public for natural resources, including their supporting ecosystems, within the boundaries of New York State or belonging to, managed by, or appertaining to New York State.  40 C.F.R. § 300.605.

20.     The Tuscarora Nation has been designated as a natural resource trustee for Tuscarora trust resources for sites such as this under 42 U.S.C. § 9607(f)(1) and 40 C.F.R. § 300.610.  The Tuscarora Nation acts on behalf of the public for natural resources, including their supporting ecosystems, belonging to, managed by, or appertaining to the Tuscarora Nation. 40 C.F.R. § 300.610.

21.     Federal trusteeship over natural resources may overlap with that of States or Tribes. The National Contingency Plan ("NCP") directs that, where there are multiple trustees, the trustees should coordinate and cooperate in carrying out their responsibilities. 40 C.F.R. § 300.615(a).

22.     As required by CERCLA Section 301(c), 42 U.S.C. § 9651(c), DOI has promulgated regulations regarding the assessment of NRD and associated restoration activities. Those regulations are codified at 43 C.F.R. Part 11.

23.     As expressly provided by CERCLA Section 107(f)(2)(c), 42 U.S.C. § 9607(f)(2)(c), any determination or assessment of damages made by a Federal or State trustee in accordance with DOI's NRD assessment regulations shall have the force and effect of a rebuttable presumption on behalf of the trustee in any judicial proceeding to recover such damages under CERCLA.

24.     The amounts recoverable in an action for NRD under CERCLA Section 107(a)(4)(C), 42 U.S.C. § 9607(a)(4)(C), include the costs of actions to restore, replace, or acquire the equivalent of the injured natural resources, and the services provided for such resources, and the reasonable costs of assessing the injury and the associated damages, and statutory prejudgment interest on the damages. NRD may also include compensation for interim losses to the public attributable to natural resource injuries from the onset of the injury through their repair or recovery to an uninjured state, adjusted for any mitigation of those injuries by response actions or early restoration actions.

## **GENERAL ALLEGATIONS**

Site Background

25.     The Site consists of an approximately 6-mile stretch of the Buffalo River ("River") from the mouth of Lake Erie to the confluence of Cazenovia Creek, including the branch of the approximately 1.4-mile City Ship Canal, and the adjacent Times Beach Nature Preserve and Times Beach the Confined Disposal Facility, in the City of Buffalo, New York (the "City").

26.     The River flows from the east through a relatively industrialized section of the City and discharges into Lake Erie near the head of the Niagara River.  Upper reaches of the River serve as important habitat for warm water fish, migratory birds, and other wildlife.

27.     The Site is a location where hazardous substances have been deposited, stored, disposed of, placed or otherwise have come to be located, and therefore is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

28.     The PCBs, PAHs, VOCs and lead found at the Site are "hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

29.     At times relevant to this action, there have been "releases" and "substantial threats" of releases of various "hazardous substances" into the environment at or from the Site, within the meaning of CERCLA Sections 101(14), 101(22), 104(a), and 107(a), 42 U.S.C. §§ 9601(14), 9601(22), 9604(a), 9607(a).

30.     "Natural Resources" within the meaning of Section 101(16) of CERCLA, 42 U.S.C. § 9601(16), have been and/or are being injured, lost, or destroyed as a result of the releases of hazardous substances at the Site.

Defendant's CERCLA Section 107(a) Liability

31.     The Defendant is a "person," within the meaning of Sections 101(21) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(21) and 9607(a).

32.     The Defendant is also an "owner" of a "facility" at the time of "disposal" of hazardous substances, within the meaning of CERCLA Sections 101(9), 101(20)(A) and 107(a)(2), 42 U.S.C. §§ 9601(1), 9601(20)(A), 9607(a)(2).

33.     Releases of hazardous substances into the environment at the Site have resulted in injury to, destruction of, or loss of natural resources, and the services they provide, within the meaning of Sections 101 and 107 of CERCLA, 42 U.S.C. §§ 9601 and 9607.

34.     The NRD assessment costs incurred by DOI in connection with the Site were incurred in a manner not inconsistent with the NCP and have not been recovered by DOI to date.

## SPECIFIC ALLEGATIONS

35.    Honeywell is the successor to, and responsible for, the environmental liabilities of

Allied Chemical Corp. and Buffalo Color Corp. (collectively, "Allied Chemical/Buffalo Color"), which

manufactured dyestuffs and/or organic chemicals at a facility located along the River.

36.    In 1988, EPA identified sites along the River, including the Allied Chemical/Buffalo

Color facility, as discharging hazardous substances into the River.

37.    A portion of the former Allied Chemical/Buffalo Color facility was used from 1905 to

1974 for disposal of chemical wastes.  In addition, from 1967 to 1971, process and cooling waters

contaminated with hazardous substances were discharged from the facility directly into the River.

Hazardous substances released from the facility included, but are not limited to, PCBs, PAHs, VOCs,

and lead.  Hazardous substances released from the Allied Chemical/Buffalo Color facility are present

in the River sediment, and underlying groundwater.

38.    Honeywell is liable to Plaintiffs in this action under CERCLA Section 107(a)(2), 42

U.S.C. § 9607(a)(2).

Plaintiffs' Injuries

39.    DOI has performed NRD assessments concerning the Site, and the Trustees have jointly

prepared the 2021 draft Buffalo River Natural Resource Damage Assessment Restoration Plan and

Environmental Assessment ("Restoration Plan") in accordance with DOI's NRD assessment

regulations.  43 C.F.R. §§ 11.81 and 11.93.  The Trustees have determined that injuries to natural

resources within the Site were caused by exposure of those resources to PCBs, PAHs, and other

hazardous substances.  These injuries resulted in a loss of the ecological, cultural, and recreational

services that assessment area resources would otherwise have provided.

40.     Injured natural resources include, but are not limited to, migratory birds, sediments, groundwater, and biological resources.  The forage base of the Buffalo River ecosystem is contaminated and contaminated sediment has injured benthic biota, bottom-dwelling fish, and piscivorous birds and mammals.  These injuries also resulted in a loss of the ecological, cultural, and recreational services that assessment area resources would otherwise have provided.

41.     The Trustees seek damages for the injuries to natural resources described above.

42.     In addition, DOI has incurred at least one million dollars in natural resource damage assessment costs.  None of these assessment costs for which DOI seeks recovery have been recovered.

## CLAIM FOR RELIEF

43.     The preceding paragraphs, above, are re-alleged and incorporated herein by reference.

44.     Honeywell, as the successor to the liabilities of Allied Chemical/Buffalo Color, is a person who at the time of disposal of a hazardous substance owned or operated a facility from which there was a release or threatened release of a hazardous substance, which has caused the Trustees to incur natural resource damage assessment costs.

45.     Under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), the Defendant is liable to the Trustees for all costs incurred and to be incurred by the Trustees in connection with the Site, including natural resource damage assessment costs and interest on all such costs.

46.     Releases of hazardous substances, including but not limited to PCBs, PAHs, VOCs, and lead, into the environment at and from the Defendant's facility have resulted in injury to, destruction of, or loss of natural resources, and the services they provide, under the overlapping trusteeship of the United States, the State of New York, and the Tuscarora Nation.

47.     The Defendant is jointly and severally liable to the Plaintiffs for damages for injury to, destruction of, or loss of natural resources, including the services they provide, and the reasonable costs of assessing such injury and damages, under Section 107(a)(2), 42 U.S.C. § 9607(a)(2).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, respectfully request that this Court grant the following relief:

a.      Enter a judgment in favor of Plaintiffs and against the Defendant, jointly and severally, for damages for, and all costs or expenses incurred by Plaintiffs in the assessment or restoration of, natural resources, as well as the services related thereto, injured, lost or destroyed as a result of the release or threatened release of hazardous substances at the Site;

b.      Award Plaintiffs their costs of this action; and,

c.      Grant such other relief as this Court may deem just and proper.

Respectfully submitted,

**FOR THE UNITED STATES OF AMERICA:**

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
Environmental Enforcement Section
U.S. Department of Justice

11/15/21
_____

Dated

/s/ C. A. Fiske
_____

CATHERINE ADAMS FISKE
Senior Counsel
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
408 Atlantic Avenue – Suite 236
Boston, MA 02110
(617) 748-3399
Addie.fiske@usdoj.gov

TRINI E. ROSS
United States Attorney
Western District of New York

MARY K. ROACH
Senior Litigation Counsel
138 Delaware Avenue
Buffalo, NY 14202
(716) 843-5700

**FOR THE STATE OF NEW YORK**:

<u>11/10/21</u>                                    <u> /s/ James C. Woods by caf.</u>
Dated                                                JAMES C. WOODS
                                                     Assistant Attorney General
                                                     New York State Office of the Attorney General
                                                     Environmental Protection Bureau
                                                     The Capital
                                                     Albany, New York 12224
                                                     518-776-2418
                                                     Jamie.Woods@ag.ny.gov

**FOR THE TUSCARORA NATION**:

9/20/21
_____                    _____
Dated                              ADAM STOLOROW
                                   Sive, Paget & Riesel P.C.
                                   560 Lexington Avenue, 15th Floor
                                   New York, NY 10022
                                   212-421-2150
                                   astolorow@sprlaw.com